IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01715-WDM-BNB

MATTHEW NELSON,

Plaintiff,

v.

BREG, INC., a California corporation,

Defendant.

_____

**ORDER**
_____

This matter arises on the **Joint Motion to Vacate the Final Pretrial Conference and the Deadline for Filing the Final Pretrial Order** [Doc. # 83, filed 10/19/2010] (the "Motion to Vacate"). The parties jointly seek to vacate the final pretrial conference set for November 1, 2010. No good cause having been shown, the Motion to Vacate is DENIED.

This action was commenced by the filing of a complaint on July 20, 2009. An Amended Complaint was filed on July 24, 2009. Amended Complaint [Doc. # 5]. The Amended Complaint alleges negligence and products liability in connection with a "pain pump" which is intended to "delilver[] anesthetic pain medication directly into the operative site for 48 hours or more immediately following . . . surgery." Amended Complaint [Doc. # 5] at ¶10.

I held a scheduling conference on October 8, 2009, and entered a Scheduling Order [Doc. # 36]. Pursuant to the Scheduling Order, the plaintiff was to disclose his principal experts on February 1, 2010; the defendant was to disclose all experts by March 15, 2010; the plaintiff was to disclose his rebuttal experts by April 15, 2010; and all discovery was to be completed by

May 31, 2010. Scheduling Order [Doc. # 36] at pp. 8-9.

On the plaintiff's motion, and over the defendant's objection, I modified the schedule by extending the expert deadlines and the discovery cut-off as follows:

>Discovery Cut-Off:        July 30, 2010
>
>\*   \*   \*
>
>Expert Disclosures:
>
>(a)  The plaintiff shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 1, 2010
>
>(b)  The defendant shall designate all experts and rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 14, 2010
>
>(c)  The plaintiff shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 14, 2010

Order [Doc. # 46, filed 2/10/2010]. In granting the extension, however, I stated:

> I don't think there's any particular harm in a two-month extension of the schedule here given the bulk of the materials disclosed and that sort of thing. I don't find perfect diligence [by the plaintiff], that's for sure, but I do find reasonable diligence sufficient to justify the two-month extension requested here.
>
> I have absolutely no tolerance, however, for the idea that lawyers are too busy to prosecute or defend their cases for months. So what I'll do is this: . . . I'm going to require that you submit to me an agreed to deposition schedule for the plaintiff and the three treating doctors. . . . If you can't agree, then I'll have you in and I'll set that schedule. And you won't like it, so work hard to agree. Clear the dates with the doctors, but I will not hear ["]my law firm is too busy to handle this case.["] If that's the situation, then bring on associated counsel or hire additional lawyers, but that won't be an excuse. And the idea that in January a lawyer writes that "I'm not available until mid March" just isn't acceptable to me.

Transcript of Proceedings on February 10, 2010 [Doc. # 68, filed 4/23/2010] (the "2/10/2010 Trans.") at p. 3 line 25 through p. 4 line 25.  The written order granting the extension also stated that the deposition schedule "may be altered only by my order," Order [Doc. # 46] at p. 2, and on February 16, 2010, when I adopted the parties' proposed deposition schedule and made it an order of the court, I stated that the schedule "may be altered only by my order. . . ."  Order [Doc. # 48, filed 2/16/2010].

One month later, the plaintiff sought another extension of the case schedule, arguing:

> 4.  The plaintiff in this matter was recently deposed on Monday, March 8, 2010.  On that same day, one of Plaintiff's treating physicians, Dr. James Ferrari, was also deposed.  The depositions of Plaintiff's other treating doctors, Dr. Noonan and Dr. Greenhow, were scheduled for March 19, 2010 and March 26, 2010 respectively.  On March 16, 2010, Plaintiff's counsel was notified that Dr. Noonan had to cancel and re-schedule his deposition.  The earliest available date for Dr. Noonan's deposition is April 30, 2010.  The parties have agreed to the deposition going forward on that date.  Further, Defendant's counsel also stated that they were canceling the deposition of Dr. Greenhow.
>
> 5.  It is vital to Plaintiff to have his experts review the depositions of his treating physicians and surgeons prior to making their reports.  Plaintiff's experts have stated that it is important to either have a deposition of Dr. Greenhow or set up an independent meeting with him.  Now that his deposition was suddenly canceled, the Plaintiff is trying to set a time to meet with him.  Therefore, the Plaintiff would request an extension on expert disclosure deadlines until after the deposition of Dr. Noonan which is currently set for April 30, 2010.

Plaintiff's Second Motion for Modification of Scheduling Order [Doc. # 58, filed 3/19/2010] (the "Second Motion for Extension").

I denied the Second Motion for Extension, finding:

> [T]he scheduling order as amended can be modified only upon a showing of good cause. Good cause in this context means that the schedul[e] could not be met in the exercise of reasonable diligence. I find that the plaintiff has failed to exercise any diligence at all. I solved this problem once, I ordered that these depositions occur on March 26th and March 19th. I ordered that they could not be altered without my order. Nobody obtained a change, based upon my order, so the parties have simply ignored--or I should say the plaintiff has simply ignored my order.
>
> Moreover, these are the plaintiff's treating doctors. If you needed their information, you were always free to schedule an interview with them--apparently that hasn't happened either--and that didn't require my order, and so I find that the--there simply is no good cause to alter this schedule.

Transcript of Proceedings on April 2, 2010 [Doc. # 67, filed 4/23/2010] (the "4/2/2010 Trans.") at p. 5 line 13 through p. 6 line 3. See Order [Doc. # 65, filed 4/2/2010] incorporating my oral ruling and denying the Second Motion for Extension.

The plaintiff filed an objection to my order denying the Second Motion for Extension, Objection [Doc. # 66, filed 4/13/2010], which is pending.

The parties seek to vacate the final pretrial conference, arguing:

> There are several motions pending regarding expert disclosures and, as a result, limited discovery has taken place. Breg's Motion for Summary Judgment, which has been fully briefed, is also pending before this Court.

Motion to Vacate [Doc. # 83] at p. 1.

Cases in this district normally are not stayed pending the determination of dispositive motions. It is the norm, not the exception, that a final pretrial order is entered before motions for summary judgment are decided. In fact, it is not uncommon for motions for summary judgment to be decided at or just prior to the trial preparation conference, a proceeding that normally

occurs a few weeks prior to trial.

There are not "several motions pending regarding expert disclosures," as the parties assert. To the contrary, only the plaintiff's objection to my April 2 Order is pending. The filing of an objection to a magistrate judge's order does not operate to stay proceedings. D.C.COLO.LCivR 30.2B; <u>HEI Resources East OMG Joint Venture v. Evans</u>, 2009 WL 250364 (D. Colo. Feb. 3, 2009)(noting that "[a] stay of a magistrate judge's discovery order should be granted sparingly" and "[a]llowing such stays as a matter of course would encourage the filing of frivolous objections and grind the magistrate judge system to a halt"). No stay was requested or obtained. Consequently, I do not understand the parties' assertion that "limited discovery has taken place," Motion to Vacate [Doc. # 83]; the discovery cut-off date of July 30, 2010, has elapsed, and discovery is closed.

The parties have failed to establish good cause to vacate the final pretrial conference.

IT IS ORDERED that the Motion to Vacate [Doc. # 83] is DENIED.

Dated October 21, 2010.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge