IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01715-WDM-BNB

MATTHEW NELSON,

Plaintiff,

v.

BREG, INC., a California corporation,

Defendant.

---

**ORDER**

---

The parties appeared on November 1, 2010, for a final pretrial conference. The proposed final pretrial order was refused for the reasons stated on the record on November 1.

In the proposed final pretrial order, the plaintiff listed six specially retained experts he anticipates calling at trial. In response, Breg stated that it "specifically objects to Plaintiff calling any experts to testify at trial as he violated this Court's Order and failed to timely identify any testifying expert witnesses." [Proposed] Final Pretrial Order [Doc. # 86] at p. 12.

Rule 37(c)(1), Fed. R. Civ. P., provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In determining whether the failure was justified or harmless, I am to consider the following:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the

>   prejudice; (3) the extent to which introducing such testimony
>   would disrupt trial; and (4) the moving party's bad faith.

Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

Applying the Woodworker's standard here leads me to the conclusion that the plaintiff's failure to disclose is harmless, and I will not enter an order excluding the experts' testimony. Although I find that Breg has been prejudiced by the late disclosure of the experts, that prejudice is easily cured. The case is not yet set for trial; no final pretrial order has been entered; and even if I had entered the final pretrial order at the conference on November 1, trial of the matter was unlikely to proceed for several months. Consequently, there is time to cure all prejudice resulting from the late disclosures. To accomplish the cure, the parties shall confer and shall submit, on or before November 12, 2010, a schedule specifying all steps necessary to cure any prejudice resulting from the plaintiff's late disclosures, which may include: (1) a schedule to reopen discovery solely to allow Breg to take the depositions of the late disclosed experts and to conduct any discovery required as a result of the late disclosures; (2) a deadline for Breg to submit revised or supplemental expert reports in view of the opinions expressed by the plaintiff's late disclosed experts; (3) a deadline for filing Rule 702 motions directed to the plaintiff's late disclosed experts; and (4) a deadline for filing a revised dispositive motion in view of the plaintiff's late disclosures.

Allowing these remedial measures will not disrupt trial of the case because the trial has not been set and the final pretrial order has not been entered. Nor do I find any bad faith or willfulness by the plaintiff in making the late disclosures.

IT IS ORDERED that on or before **November 12, 2010**, the parties shall submit a proposed schedule specifying all steps necessary to cure all prejudice resulting from the plaintiff's late disclosure of expert witnesses.

Dated November 3, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge