IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01715-WDM-BNB

MATTHEW NELSON,

Plaintiff,

v.

BREG, INC., a California corporation,

Defendant.

___

**ORDER**
___

This matter arises on the following:

(1)     **Defendant Breg, Inc.'s 37(c)(1)(A) and 16(f)(2) Motion for Costs and Attorney's Fees Caused By Plaintiff's Failure to Timely Disclose Expert Witnesses** [Doc. # 92, filed 11/19/2010] (the "Motion for Fees"); and

(2)     **Defendant Breg, Inc.'s Motion to Compel the Deposition of Dr. Richard Collins** [Doc. # 93, filed 11/30/2010] (the "Motion to Compel").

I held a hearing on the motions this afternoon and made rulings on the record, which are incorporated here.

I.

By its Motion for Fees, the defendant seeks the award of its reasonable costs and attorney fees incurred in connection with the following tasks:

       a. Responding to Plaintiff's Second Motion for Modification of the Scheduling Order;

       b. Attending the hearing on Plaintiff's Motion to Extend Expert

>   Disclosure deadlines;
>
>   c.  Responding to Plaintiff's objection regarding Magistrate [Judge] Boland's order denying his request to extend the expert disclosure deadline;
>
>   d.  Moving for summary judgment;
>
>   e.  Preparing the first final pretrial order;
>
>   f.  Attending the first final pretrial conference;
>
>   g.  Preparing the Joint Proposed Case Deadlines in Light of the Court's Order;
>
>   h.  Preparing supplemental expert reports;
>
>   i.  Preparing the instant Motion for Costs and Fees; and
>
>   j.  Any other sanction the Court deems appropriate.

Motion for Fees [Doc. # 92] at pp. 11-12.  Significantly, at least one category of proposed costs--preparing supplemental expert reports  (which I anticipate could be substantial)--has not yet been incurred and will not be until approximately January 21, 2011.  See Order [Doc. # 90, filed 11/15/2010] (establishing January 21, 2011, as the deadline for the defendant to file supplemental Rule 26(a)(2) expert reports).  In addition, the defendant has failed to submit any evidence establishing or supporting the amount of costs and fees sought.  In this regard, D.C.COLO.LCivR54.3 requires:

>   **ATTORNEY FEES**
>
>   **A.  Motion Supported by Affidavit.**  Unless otherwise ordered by the court, a motion for attorney fees shall be supported by one or more affidavits.
>
>   **B.  Content of Motion.**  A motion shall include the following for each person for whom fees are claimed:

> 1. a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and
>
> 2. a summary of relevant qualifications and experience.

I have taken the Motion for Fees under advisement to allow the defendant to submit a claim for all costs and fees sought after they have actually been incurred and to submit the supporting materials required by local rule 54.3.

II.

The Motion to Compel [Doc. # 93] seeks an order compelling the plaintiff to provide a date for the deposition of one of its expert witnesses--Dr. Richard Collins. At the hearing on the Motion to Compel, the date for the deposition of Dr. Mark Fitzgerald also was raised.

On November 1, 2010, I allowed the plaintiff to make the late designation of expert witnesses. An important factor in my decision to allow the late designation was plaintiff's counsel's agreement not to oppose the depositions of the late designated experts. I required the parties to prepare a curative schedule which would specify the tasks necessary to prevent any prejudice to the defendant resulting from the plaintiff's late designations and the time when those events would occur. The curative schedule set a cut-off of January 7, 2011, for the defendant to take the depositions of the plaintiff's late designated experts. Order [Doc. # 90, filed 11/15/2010] at p. 1.

On November 2, 2010, the day after I allowed plaintiff's late expert designations, defense counsel requested "dates for [depositions of] each of Plaintiff's experts as soon as possible--we need to get those on the calendar." Motion to Compel [Doc. # 93] at Exh. A. Sixteen days later, on November 18, 2010, defense counsel was still requesting a date for Dr. Collins' deposition. On November 19, 2010, plaintiff's counsel responded that "Dr. Collin's [sic] is not willing to

provide deposition availability at this time, and I am doing everything that I can to get these dates ASAP." Motion to Compel [Doc. # 93] at Exh. D. The plaintiff still had not provided a deposition date for Dr. Collins on November 30, 2010, necessitating the filing of the Motion to Compel. Finally, on December 6, 2010, in his Response [Doc. # 101], the plaintiff proposed two dates for Dr. Collins' deposition. At the hearing on the Motion to Compel, the parties agreed that Dr. Collins would be deposed on January 5, 2011, at 9:00 a.m.

Also at the hearing on the Motion to Compel, I was informed that the date previously agreed for the deposition of Dr. Fitzgerald was no longer available. Alternative dates were discussed off the record, and the parties subsequently agreed on the record that Dr. Fitzgerald would be deposed on January 3, 2011, at 3:00 p.m.

Rule 37(a)(5)(A), Fed. R. Civ. P., provides that if a motion to compel is granted--"or if the . . . requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require . . .the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the failure to make discovery was "substantially justified" or other circumstances make such an award "unjust."

In this case, the conduct of plaintiff's counsel necessitated that the defendant file a motion to compel to obtain a date for Dr. Collins' deposition. Plaintiff's counsel's comment on November 19, 2010, that the doctor was not "willing to provide deposition availability" demonstrates clearly that the motion to compel was necessary to obtain the cooperation required to schedule the deposition. The conduct of plaintiff's counsel in connection with scheduling this deposition was not substantially justified, and I am aware of no circumstances demonstrating that

imposing on the plaintiff's counsel the costs and attorney fees required to bring the Motion to Compel would be unjust.  Issues surrounding the scheduling of depositions are the responsibility of counsel, not the client, and there is no evidence or other indication that the scheduling difficulties here were the result of conduct by the plaintiff.  Consequently, the award is made against plaintiff's counsel, and not the plaintiff.

III.

In view of my order allowing the plaintiff to make a late designation of experts, it appears to me that the following matters are moot:

(1)     Plaintiff's Objection to Magistrate's Order Regarding Plaintiff's Second Motion for Modification of Scheduling Order and Request for Expedited Ruling or Hearing [Doc. # 66, filed 4/13/2010]; and

(2)     Defendant Breg, Inc.'s Motion for Summary Judgment and Memorandum In Support [Doc. # 79, filed 8/31/2010].

IV.

IT IS ORDERED:

(1)     The defendant shall file, on or before **February 4, 2011**, supplemental materials in support of its  Motion for Fees.  The plaintiff may respond to the supplemental materials on or before **February 11, 2011**;

(2)     The Motion to Compel [Doc. # 93] is GRANTED.  Dr. Mark Fitzgerald shall appear for his deposition on **January 3, 2011, at 3:00 p.m.**, and continuing thereafter until completed.  Dr. Richard Collins shall appear for his deposition on **January 5, 2011, at 9:00 a.m.**, and continuing thereafter until completed;

5

(3) The defendant is awarded its costs and attorney fees incurred in connection with bringing the Motion to Compel. The award is made against plaintiff's counsel, and not the plaintiff. To effectuate the award, defense counsel shall serve on the plaintiff, on or before **December 18, 2010**, a fee application, including all materials required under D.C.COLO.LCivR 54.3. Thereafter, the parties shall confer in an effort to reach agreement on the amount of the award. If an agreement as to the amount of the award can be reached, the parties shall notify me of the agreement on or before **December 31, 2010**. If no agreement is reached, then promptly after December 31, 2010, the defendant shall file its fee application with the court;

(4) On or before **December 31, 2010**, the plaintiff shall withdraw Plaintiff's Objection to Magistrate's Order Regarding Plaintiff's Second Motion for Modification of Scheduling Order and Request for Expedited Ruling or Hearing [Doc. # 66] or show cause in writing why that Objection should not be denied as moot; and

(5) On or before **December 31, 2010**, the defendant shall withdraw Defendant Breg, Inc.'s Motion for Summary Judgment and Memorandum In Support [Doc. # 79] or show cause in writing why that motion should not be denied as moot.

Dated December 9, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge